The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion regarding the Freedom of Information Act, as amended by Act 49 of 1987. You have asked, specifically, whether the performance evaluations school board members perform on themselves may be kept confidential under the provisions of the Act.
It must be concluded that the answer to your question is no. Act 49 of 1987 provides the following with regard to confidentiality of performance evaluations:
 . . . Provided, however, that all employees evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only (1) upon final administrative resolution of any suspension or termination proceeding at which such records form a basis for the decision to suspend or terminate the employee, and (2) if there is a compelling public interest in their disclosure.
The above language refers to "employee" evaluations. Neither the General Assembly nor a state Court has defined "employee" for purposes of this Act. However, the Arkansas Supreme Court has stated that the Freedom of Information Act is to be interpreted liberally in order to favor public disclosure. Laman v. McCord, 245 Ark. 402 [245 Ark. 401], 432 S.W.2d 753 (1968).
Black's Law Dictionary defines "Employee" as:
 A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed.
Applying this definition, it may reasonably be concluded that school board members are not employees for purposes of Freedom of Information Act provisions governing the confidentiality of performance evaluations. Indeed, these individuals may more appropriately be considered employers since the Board is vested with the authority to control and direct employees in the material details of how district work is to be performed.
It is my opinion based upon the foregoing that performance evaluations performed on school board members do not qualify for the Freedom of Information Act exemption afforded employee evaluation or job performance records. In sum, performance evaluations performed on school board members would be subject to public inspection and copying, free from the exemption for employee evaluations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.